**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| COLBY 2021, LLC, a Kansas limited liability company,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF PLAINVIEW; BRIAN SCHLOTE, in his official capacity as Mayor of Plainview; BOB SMITH, TYLER SANNE, BRYON ALDER, and, PAM YOSTEN, in their official capacities as members of the Plainview City Council,<br><br>　　　　　Defendants. | Case No.<br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

COMES NOW the Plaintiff, Colby 2021, LLC ("Plaintiff" or "Colby"), and, for its causes of action against Defendants City of Plainview, Brian Schlote, Bob Smith, Tyler Sanne, Bryon Alder, and Pam Yosten (collectively "Defendants" or "the City"), alleges and states as follows:

**PRELIMINARY STATEMENT**

1.　This case is brought to stop a municipal government's rank protectionism and commercial discrimination against a Kansas company seeking to do business in a Nebraska community. The Plaintiff is a Midwest rural retail-focused development company planning to build a Dollar General store in Plainview, Nebraska, a 1,400-person city in northeast Nebraska. The project would invest $1.3 million in Plainview, create at least 7-9 new well-paying jobs, boost Plainview's tax proceeds, and deliver a convenient and affordable new variety retail option for the

surrounding community. The Defendants—Plainview's government and elected leadership—responded by enacting an Ordinance which effectively prohibits any new "dollar store" in Plainview and grants an existing dollar store the privilege of exclusive operation in the city. The Ordinance's intended purpose is to protect select local retailers and insulate them against competition. It runs headlong against multiple provisions of the United States and Nebraska constitutions. Following the Defendants' latest refusal to repeal the Ordinance, Colby files this suit to vindicate its rights under federal and state law.

## JURISDICTION AND VENUE

2.      Colby seeks a declaratory judgment that City of Plainview Ordinance No. 964 (adopted Mar. 3, 2021) (the "Ordinance") (attached as Exhibit A) violates various provisions of United States and Nebraska law.

3.      The Court has original federal question jurisdiction over Colby's federal claims pursuant to 28 U.S.C. § 1331 because such claims arise under the Constitution or laws of the United States.

4.      The Court has supplemental jurisdiction over Colby's state law claims pursuant to 28 U.S.C. § 1367 because such claims are so related to the federal claims over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.      The Court additionally has diversity jurisdiction over Colby's claims pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different

2

states.

6.      This Court has authority to declare invalid and enjoin enforcement of the Ordinance under the above-referenced statutes, 42 U.S.C. § 1983,

7.      Venue is proper in the District of Nebraska under 28 U.S.C. § 1391 because all Defendants reside in this judicial district and all of the events giving rise to the claims made in this Complaint occurred in this judicial district.

## PARTIES

8.      Plaintiff Colby 2021, LLC, is a Kansas limited liability company with its principal place of business in Kansas.

9.      Colby seeks to develop a Dollar General store within the corporate limits of Plainview, Nebraska, and has expended significant financial and other resources in furtherance of that goal. Colby is directly injured by the Ordinance, which, in effect, prohibits any new "dollar store" from opening in Plainview.

10.     Colby 2021, LLC, is wholly owned by Colby Capital, LLC, a Kansas limited liability company, and was created for the exclusive purpose of developing the Dollar General store in Plainview.

11.     Defendant City of Plainview is a municipal corporation created pursuant to Nebraska law, and located in Pierce County, Nebraska. Its corporate office is located at 205 West Locust Avenue, Plainview, Nebraska, 68769.

12.     Defendant Brian Schlote is sued in his official capacity as mayor of the City of Plainview. The mayor approves all City ordinances, has superintendence and control of all the officers and affairs of the City, and is required to take care that the

HB: 4847-0496-6131.1

ordinances of the City and all laws governing cities of the second class are complied with. *See* Neb. Rev. Stat. §§ 17-110, 17-111. His official office is located at 205 West Locust Avenue, Plainview, Nebraska, 68769.

13.     Defendants Bob Smith, Tyler Sanne, Bryon Alder, and Pam Yosten are sued in their official capacities as members of the Plainview City Council. The City Council adopted the Ordinance on March 3, 2021. The City Council's official office is located at 205 West Locust Avenue, Plainview, Nebraska, 68769.

14.     At all relevant times, Defendants acted under color of law.

## FACTS

### Background on Colby and Dollar General

15.     Colby's parent company, Colby Capital, Inc., develops and manages retail properties throughout the Midwest.

16.     To date, Colby Capital, Inc., has developed 20 successful, high-quality projects in Nebraska, representing $25 million worth of investment in this state.

17.     Colby Capital, Inc., is a preferred developer for Dollar General.

18.     Dollar General is a Tennessee-based variety store company focused on delivering value to customers by offering products that are frequently used and replenished, such as food, snacks, health and beauty aids, cleaning supplies, basic apparel, housewares, and seasonal items at low prices in convenient locations.

19.     Dollar General operated 17,426 stores in 46 states as of April 30, 2021.

20.     Dollar General operates in large and small markets alike, but it has been particularly successful in providing value to consumers in rural areas

HB: 4847-0496-6131.1

underserved by other retailers.

## Identification of and Investment in the Plainview Site

21.     After a lengthy and thorough business and market research process, Dollar General identified Plainview as an ideal location for a new store.

22.     On or about February 25, 2021, Colby executed a purchase agreement to buy the parcel at 705 West Park Avenue in Plainview (the "Project Site").

23.     Colby's exclusive purpose in acquiring the Project Site is to develop a Dollar General store.

24.     On or about April 1, 2021, Colby entered a lease agreement with Dolgencorp, LLC, a Kentucky limited liability company, the retail operation subsidiary of Dollar General Corporation.

25.     The lease agreement grants Dollar General the right to occupy the Project Site and operate a Dollar General store at that location.

26.     If Colby is prohibited from developing a Dollar General at the Project Site, Colby will suffer significant business and financial injuries, including, but not limited to:

      a.  Loss of the funds it has already expended in identifying, researching, and acquiring control over the Project Site;

      b.  Loss of future revenue from the lease to and operation of a Dollar General store at the Project Site;

## The City's Response to the Project and Adoption of the Ordinance

27.     Beginning in approximately February 2021, Colby's contractor,

5

Copeland Development & Construction Co., Inc. ("Copeland"), initiated preliminary communications with City officials regarding infrastructure and related redevelopment issues for a potential commercial retail site in Plainview.

28.     On February 16, 2021, Copeland emailed Jeremy Tarr, Plainview's City Administrator, indicating that the site under consideration was 705 West Park Avenue, and inquiring as to water/sewer main details and related tap fees.

29.     Unbeknownst to either Copeland or Colby, Tarr thereafter forwarded Copeland's February 16th email to Pierce County Economic Development Director Susan Norris.

30.     On information and belief, during the period between approximately February 16th, 2021, and March 3, 2021, Norris conducted several conversations with one or more City officials regarding a strategy to block the proposed project at 705 West Park Avenue, including, but not limited to, enacting a municipal ordinance to effectuate that goal.

31.     On information and belief, Susan Norris's efforts to block the project did not stop with urging legislation through the Plainview City Council. During or about the same period of time, Norris had a conversation with the current owner of the Project Site and told that owner that he could not sell the property to Colby, or words to that effect.

32.     On March 3, 2021, the Plainview City Council convened a special meeting.

33.     During the March 3rd special meeting, the City Council heard

6

HB: 4847-0496-6131.1

presentations from Norris and representatives of several Plainview businesses. The minutes of the March 3rd special meeting summarize these presentations as follows:

> Economic Development Director Susan Norris gave an overview of "food deserts" and their impact on small communities. Dollar type stores that offer groceries, over-the-counter prescriptions and other non-perishables, but do not carry fresh produce or meats, can create "food deserts" as access to healthy food options is eliminated. Concerns on lack of community involvement by corporations, loss of businesses in the downtown district and overall effect on the physical health of the community were addressed. Several business owners were present to speak on the impacts any additional dollar type stores would have on their profit margin. Ashley Dendinger, owner of Plainview Family Pharmacy, Jan Wragge, owner of Mitch's Food Center, Jody Stone, co-owner of Mary's Restaurant, and Brook Curtiss, owner of the Plainview News, all spoke on the importance of keeping our small-town local businesses. They urged the council to consider putting in place an Ordinance to prevent additional dollar type stores in the City of Plainview.

34.    After the presentations, the City Council approved the Ordinance on its first reading.

35.    Immediately thereafter, the City Council voted to waive the second and third readings of the Ordinance and the Ordinance was declared approved by the Mayor.

36.    Accordingly, the Ordinance was introduced and adopted into law in a single evening on March 3, 2021.

37.    On information and belief, notwithstanding Copeland's correspondence with City officials in the preceding weeks, no representative of the City or the City Council attempted to directly notify either Copeland or Colby that the Ordinance was under consideration, much less that the City Council would deviate from its regular order and rush its passage.

38.     On information and belief, the City Council's rushed adoption of the Ordinance—including the Council's deviation from its multi-meeting regular order for the consideration and adoption of new ordinances—was intended to adopt the Ordinance before Copeland, Colby, or representatives from any other potentially new dollar store could submit any meaningful input.

### The Ordinance

39.     The Ordinance provides that "[t]o avoid over-concentration, a new small box discount store within the City of Plainview Zoning Jurisdiction shall not be closer than 1 mile (5,280 feet) from another existing small box discount store."

40.     A Family Dollar store currently operates in Plainview at 300 East Park Avenue.

41.     The Family Dollar is an "existing small box discount store" under the Ordinance.

[This space intentionally left blank.]

HB: 4847-0496-6131.1

42.    A 1-mile radius around the existing Family Dollar encompasses the entire corporate limits of Plainview, as illustrated here:



43.    Accordingly, with the existence of the Family Dollar, the Ordinance effectively prohibits any other small box discount store from operating in Plainview, including any Dollar General store, to the extent such store would meet the Ordinance's definition.

44.    The Ordinance effectively bestows upon Family Dollar the exclusive privilege of operation within Plainview, free of any competition from another small box discount store within the City's corporate limits.

45.    In addition to the exclusive privilege it bestows upon Family Dollar, the Ordinance was enacted with the intent to protect select other retailers—including, but not limited to, an existing grocery store and pharmacy inside city limits—from

competition.

46.     Colby is similarly situated to the existing Family Dollar store and/or that store's developer, manager, landlord, or operator, but, by forbidding the Dollar General within city limits and permitting the Family Dollar, the Ordinance treats them differently.

47.     There is no rational basis for this differentiated treatment.

48.     The Ordinance purports that its purpose is to "maintain and support the health and welfare of Plainview citizens by:

        a.      Providing a community-based approach to the support and preservation of businesses that: a) Provide a business environment that devotes in excess of 60% of square footage to food products, including access to a full range of foods, fresh produce, fresh meats and dairy products; and/or b) Provide full service licensed pharmacy services, as well as over the counter drug products, support for drug programs at local medical and care facilities, and all related products normally stocked in a full-service pharmacy;

        b.      Providing a community business structure that allows those businesses to survive and thrive; and

        c.      Avoiding over-concentration of small box discount or variety stores that would threaten the financial viability and/or existence of such food and pharmacy providers and businesses within Plainview."

49.     Given the size of Plainview's Zoning Jurisdiction, the Ordinance makes it physically impossible for a new small box discount store within city limits to be at

10

least 5,280 feet from another existing small box discount store.

50.     Even if the new small box discount store is located at least 5,280 feet from another small box discount store, the use is then only permitted by a Special Use Permit ("SUP"), according to the Ordinance.

51.     However, the Ordinance additionally bars any new small box discount store from requesting a SUP because it is physically impossible for a new small box discount store within city limits to be at least 5,280 feet from another existing small box discount store.

52.     The Ordinance contains no exception to its prohibition of additional small box discount stores within 5,280 of an existing small box discount store, which, as established herein, is an effective prohibition on *any* new small box discount store within Plainview's city limits.

53.     Due to this prohibition, Colby requested that the City Council either repeal the Ordinance or amend it to provide a process by which a new small box discount store could apply to operate within Plainview city limits.

54.     During a regular meeting of the City Council on July 13, 2021, the City Council rejected a motion to repeal the Ordinance, which remains on the books unchanged.

55.     In addition to outright prohibiting any new small box discount store within city limits, multiple definitions provided by the Ordinance contain vague and unclear terms.

56.     The Ordinance defines "small box discount store" as: "Retail store that

provides assorted, inexpensive items that are continuously offered at a discounted price that is *usually* under $10 per item. Products sold *typically* include processed food and drink items, personal hygiene products, household products, clothing items, office supplies and decorations. Gross floor area is *typically* less than 12,000 square feet." (emphasis added).

57.     By using vague and imprecise terms such as "usually" and "typically," in combination with other objective parameters regarding pricing and store size, the Ordinance renders it impossible to know whether a particular project or store will be included in the definition.

58.     Despite the vague and imprecise terms used in the definition, the City and its representatives have made clear that the proposed Dollar General falls within the "small box discount store" definition.

59.     The City and its representatives have made it clear that the intended effect of the Ordinance is to exclude the proposed Dollar General from operating within Plainview's city limits.

60.     Furthermore, the new criteria that the Planning Commission and City Council are required to consider when evaluating a SUP request contain multiple vague and undefined terms, making it difficult for a SUP applicant to ascertain with any certainty what objective requirements will apply to their application.

61.     One criterion that must be considered is whether the proposed discount store may have a "detrimental impact" on the development of grocery stores and other businesses that sell "healthy food items." The vague and unclear phrases

12

"detrimental impact" and "healthy food items" are not defined in this Ordinance, in the City of Plainview Zoning Ordinances, or in the City Subdivision Regulations.

62.     Another required criterion is the availability of "healthy food options" in the area including the proximity of "full-service grocery stores" within one mile of the proposed use. The vague phrase "healthy food options" is not defined in this Ordinance, in the City of Plainview Zoning Ordinances, or in the City Subdivision Regulations. While the Ordinance defines "grocery store," it does not define what a "full-service" grocery store is.

63.     The third criterion is whether the proposed use is within an area that may become a "food desert, as defined by the United States Department of Agriculture." The Ordinance does not define the unclear term "food desert" and neither does the United States Department of Agriculture.

64.     Finally, the fourth criterion considers whether the proposed use may have a detrimental impact on the development or survival of full-service pharmacies. The vague phrases "detrimental impact" and "full-service pharmacies," are not defined in this Ordinance, in the City of Plainview Zoning Ordinances, or in the City Subdivision Regulations.

65.     There is no rational connection between the Ordinance's means and any legitimate local interest in health or welfare.

66.     To the extent the Ordinance purports any interest or purposes in preserving health or welfare, it is a sham. The Ordinance's intended purpose is to protect a small number of existing retail stores from new competitors in the market.

13

67.     The Ordinance's health and welfare references are a textual disguise for the Ordinance's true protectionist and anti-competitive purpose.

68.     Additionally, the City's purpose behind passing the Ordinance is to purposefully exclude Dollar General and any other similar market participant from operating within Plainview's city limits.

69.     Statements made by the county economic development official, the City, and the City Attorney make clear that the goal of the Ordinance was and remains to exclude Dollar General and any other similar market participant from operating within Plainview's city limits.

70.     If Colby were to violate the ordinance, it would be subjected to fines up to $500 per each offense, and up to an additional $500 every day thereafter that Colby does not come into compliance. *See* Plainview City Code § 12-101.

## PLAINTIFF'S CLAIMS FOR RELIEF

### First Cause of Action
### Declaratory and Injunctive Relief—Unconstitutionality of the Ordinance as Special Legislation under Article III, § 18 of the Nebraska Constitution

71.     Colby incorporates by reference all allegations in the preceding paragraphs.

72.     Article III, Section 18 of the Nebraska Constitution provides, in part, that "[t]he Legislature shall not pass local or special laws" which grant "any special or exclusive privileges, immunity, or franchise whatever[ ] …"

73.     The prohibition on special legislation applies to municipal ordinances, including zoning ordinances.

14

74.     The Ordinance passed by the City conflicts with Article III, Section 18 of the Nebraska Constitution because it grants special or exclusive privileges, immunity, or franchise and creates a permanently closed class.

75.     Because there is already a Family Dollar store in Plainview that is defined as an existing small box discount store under the Ordinance, there is no opportunity for any other small box discount store participant to enter the Plainview market.

76.      The Ordinance passed by the City additionally conflicts with Article III, Section 18 of the Nebraska Constitution because it creates an arbitrary and unreasonable method of classification.

77.     The Ordinance improperly discriminates against other market participants because it confers privileges on the Family Dollar already existing in Plainview, selected from many market participants which are standing in the same relation to the privileges, without reasonable distinction or substantial difference.

78.     The Ordinance contains no factual or reasonable basis for granting exclusive privileges to one store while excluding all others.

79.     Accordingly, Plaintiff asks the Court to enter judgment declaring that the Ordinance is void under Article III, Section 18 of the Nebraska Constitution.

80.     Colby has been, or will imminently be, subject to irreparable injury by this constitutional violation and enjoining the City from enforcement of the Ordinance.

HB: 4847-0496-6131.1

**Second Cause of Action**
**Declaratory and Injunctive Relief—Illegality of the Ordinance as Invalid**
**or Discriminatory Zoning under Nebraska Law**

81.     Colby incorporates by reference all allegations in the preceding paragraphs.

82.     A zoning ordinance is invalid in Nebraska if (1) the conditions it imposes are unreasonable, discriminatory, or arbitrary; and (2) the regulation bears no relationship to the purpose sought to be accomplished by the ordinance.

83.     The Ordinance constitutes an invalid zoning regulation in violation of Nebraska law because the conditions it imposes are unreasonable, discriminatory, and arbitrary.

84.     The zoning regulation the Ordinance imposes bears no relationship to a valid purpose sought to be accomplished by the ordinance.

85.     The purpose sought to be accomplished by the Ordinance is to exclude out-of-state variety stores, which is not a valid purpose.

86.     Colby has been, or will imminently be, subject to irreparable injury by this violation.

87.     Accordingly, Plaintiff asks the Court to enter judgment declaring that the Ordinance is void under Nebraska law and enjoining the City from enforcement of the Ordinance.

**Third Cause of Action**
**Declaratory and Injunctive Relief—Unconstitutionality of the Ordinance**
**under the Commerce Clause, U.S. Const. art. I, § 8, cl. 3 (42 U.S.C. 1983)**

88.     Colby incorporates by reference all allegations in the preceding

16

paragraphs.

89.    Article I, Section 8, clause 3 of the United States Constitution, or the Commerce Clause, gives Congress the power "to regulate commerce with foreign nations, and among the several states, and with the Indian tribes."

90.    The Commerce Clause prohibits states from passing legislation that discriminates against or excessively burdens interstate commerce.

91.    The City, acting under color of state law, has violated, and will continue to violate, Plaintiff's rights under the Commerce Clause at Article I, Section 8 of the United States Constitution.

92.    The Ordinance seeks to protect community-based businesses in Plainview and in so doing directly and intentionally discriminates against out-of-state developers and stores by preventing them to operate within Plainview's city limits.

93.    The Ordinance is a protectionist trade barrier with discriminatory intent which was designed to protect community-based, in-state businesses and to exclude additional out-of-state competitors.

94.    Out-of-state market participants are burdened by the restrictions contained in the Ordinance because it prohibits them from entering the Plainview market. In-state market participants, on the other hand, benefit from the restrictions.

95.    Plainview does not have a legitimate interest in prohibiting out-of-state variety stores from operating within city limits.

96.    Colby has been, or imminently will be, subject to irreparable injury by

17

this violation.

97.     Accordingly, Plaintiff asks the Court to enter judgment declaring that the Ordinance is void under Article I, Section 8, clause 3 of the United States Constitution and enjoining the City from enforcement of the Ordinance.

**Fourth Cause of Action**
**Declaratory and Injunctive Relief—Unconstitutionality of the Ordinance under the Equal Protection Clause, U.S. Const. amend. XIV (42 U.S.C. 1983)**

90.     Colby incorporates by reference all allegations in the preceding paragraphs.

91.     The City, acting under color of state law, has committed, and will continue to commit, a constitutional tort against Colby by violating Colby's rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

92.     The Ordinance violates the Equal Protection Clause because it treats the Family Dollar store and/or that store's manager, landlord, or operator differently than other similarly situated market participants and is not rationally related to any legitimate local purpose.

93.     The Ordinance does not impact the health and welfare of the citizens of Plainview because excluding new market participants will not lead to more availability of high quality fresh and healthy food products and full-service pharmacy products.

94.     Colby has been, or imminently will be, subject to irreparable injury by this violation.

HB: 4847-0496-6131.1

95.     Accordingly, Plaintiff asks the Court to enter judgment declaring that the Ordinance is void under the Fourteenth Amendment of the United States Constitution and enjoining the City from enforcement of the Ordinance.

<strong>Fifth Cause of Action</strong><br>
<strong>Declaratory and Injunctive Relief—Unconstitutionality of the Ordinance under the Due Process Clause, U.S. Const. amend. XIV (42 U.S.C. 1983)</strong>

96.     Colby incorporates by reference all allegations in the proceeding paragraphs.

97.     The City, acting under color of state law, have committed and will continue to commit, a constitutional tort against Colby by violating Colby's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

98.     The Ordinance violates the Due Process Clause because it is unconstitutionally vague on its face and penalizes behavior without first giving individuals of ordinary intelligence a reasonable opportunity to know what conduct is prohibited so that they may act accordingly.

99.     Colby has been, or imminently will be, subject to irreparable injury by this violation.

100.    Accordingly, Plaintiff asks the Court to enter judgment declaring that the Ordinance is void under the Fourteenth Amendment of the United States Constitution and enjoining the City from enforcement of the Ordinance.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Colby respectfully requests the following relief:

19

1. An entry of judgment in Colby's favor on each of its causes of action.

2. A declaratory judgment declaring the Ordinance unconstitutional and invalid as alleged herein, both on its face and as applied to Colby.

3. An order temporarily and permanently enjoining and restraining the City and its agents and representatives from enforcing the Ordinance, either against any person or against Colby.

4. An order awarding Colby its attorney's fees and costs, pursuant to 42 U.S.C. § 1988 and all other applicable laws.

5. An order awarding Colby such other relief as the Court deems just and proper.

Respectfully submitted September 13, 2021.

**COLBY 2021, LLC,**
**Plaintiff.**

By:   /s/ *David A. Lopez*
        David A. Lopez (NE #24947)
        Kamron T.M. Hasan (NE #25494)
        Alexa B. Barton (NE #27010)
        HUSCH BLACKWELL LLP
        13330 California Street, Suite 200
        Omaha, NE  68154
        Telephone: (402) 964-5000
        Fax: (402) 964-5050
        dave.lopez@huschblackwell.com
        kamron.hasan@huschblackwell.com
        allee.barton@huschblackwell.com

HB: 4847-0496-6131.1

# EXHIBIT A

## ORDINANCE NO. 964

AN ORDINANCE OF THE CITY OF PLAINVIEW, NEBRASKA, to create a new code section in Chapter 11, Municipal Planning, Article 4.5, Section 11-4.5.1, Business Retention, Small Box/Variety Stores. Competition and Regulation

WHEREAS, the Mayor and City Council of the City of Plainview recognize that maintaining a full-service grocery store and a full-service pharmacy in a community the size of Plainview is of significant importance to the health and welfare of the citizens of Plainview and the surrounding area; and

WHEREAS, many similar small communities have lost their grocery stores and/ or pharmacies due to lack of volume of sales, and other over competition from other types of businesses that operate a higher volume or low margin format, but frequently also offer less of the high quality fresh and healthy food products and full service pharmacy products; and

WHEREAS, it is the policy of the City of Plainview to attempt to structure and regulate the community business environment to support and maintain the best support for the health and welfare of its citizens;

NOW THEREFORE BE IT ORDAINED BY THE MAYOR AND COUNCIL OF THE CITY OF PLAINVIEW, NEBRASKA that 11-4.5.1 be created as follows:

<u>Section 1</u>. Administration;

Intent and Purpose. The purpose of this ordinance is to maintain and support the health and welfare of the citizens of Plainview, by:

1. Promoting a community-based approach to the support and preservation of existing businesses that:
   a) Provide a business environment that devotes in excess of 60% of square footage to food products, including access to a full range of foods, fresh produce, fresh meats and dairy products; and/or
   b) Provide full service licensed pharmacy services, as well as over the counter drug products, support for drug programs at local medical and care facilities, and all related products normally stocked in a full-service pharmacy;
2. Providing a community business structure that allows the business mentioned above to survive and thrive; and
3. Avoiding over concentration of small box discount or variety stores, as defined below, that would threaten the financial viability and/ or existence of such food and pharmacy providers and businesses within the City of Plainview;

<u>Section 2</u>. Definitions.

The following terms shall have the meaning provided herein. Terms not defined herein shall have the meaning provided in the City of Plainview Zoning Ordinance and/or City Subdivision Regulations.

1. **Grocery Store:** Retail store that provides assorted goods for sale, including but not limited to, food, beverages and personal health items. A minimum of 25% of sales floor area or more than 3,000 square feet of sales floor are dedicated to the sale of fresh or pre-packaged meats, fruits, vegetables ,and dairy, whichever is greater.

2. **Small Box Discount Store:** Retail store that provides assorted, inexpensive items that are continuously offered at a discounted price that is usually under $10 per item. Products sold typically include processed food and drink items, personal hygiene products, household products, clothing items, office supplies and decorations. Gross floor area is typically less than 12,000 square feet. Does not include convenience retail stores.

3. **Convenience Retail Store:** Retail store that provides fuel and assorted or specialty goods for sale, including food and beverages for off-premise consumption and personal health items. Small box discount stores are not included.

<u>Section 3</u>. Regulations of Small Box Discount Stores

To avoid over-concentration, a new small box discount store within the City of Plainview Zoning Jurisdiction shall not be closer than 1 mile (5,280 feet) from another existing small box discount store. If located at least 5,280 feet from another such store, this use is permitted by Special Use Permit ("SUP") only. In addition to the criteria for a SUP set forth in the Zoning Code, when reviewing a request for SUP for a discount store use, the Planning Commission and City Council shall consider:

1. Whether the proposed discount store may have a detrimental impact on the development of grocery stores and other businesses that sell fresh and healthy food items in the area to be served by the proposed use.

2. The availability of healthy food options in the area of the proposed use including the proximity of full-service grocery stores within one mile of the proposed use and effect of the use on the retail food environment index as defined by the Centers for Disease Control and Prevention.

3. Whether the proposed use is within, an area that may become, a food desert , as defined by the United States Department of Agriculture at the time of application.

4. Whether the proposed use may have a detrimental impact on the development or survival of full-service pharmacies.

PASSED AND APPROVED THIS 3rd day of March, 2021.

Brian A. Schlote
Mayor

ATTEST:

City Clerk

2021Documents.2021City.2021Plainview.C200RE.FoodDesert/hs